THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL RAMSEY, Appellant

Concur — Capozzoli, McGivern and Witmer, JJ.; Eager, J. P., and Rabin, J., dissent in the following memorandum by Rabin, J.: I vote to reverse, and I would grant petitioner's motion for a writ of error *coram nobis* to the extent of ordering a hearing on the issues raised. In the petition the defendant asserts that approximately 15 days after he was convicted of murder in the second degree, he mailed a letter to his court-appointed trial counsel. In that letter he stated that he would like to appeal his sentence and retain new counsel, however, since he (defendant) was not in a position to attend to this within 30 days, he asked the counsel to file the . notice of appeal. Defendant asserts that not having received any reply from counsel he took it for granted that counsel had filed a notice of appeal. The petition also reveals that approximately a day or two after time to appeal had elapsed, the defendant believing that the notice of appeal had already been filed, sent a notarized petition to the Appellate Division to proceed *in forma pauperis*. About 3½ months later the defendant was informed that a notice of appeal had not been filed. On a previous application for *coram nobis* similar allegations concerning the counsel's failure to file a notice of appeal were made. The petition was denied and the Appellate Division affirmed, without opinion (*People* v. *Ramsey*, 24 A D 2d 558). However, in that application there was no indication in the petition that only several days after the time to appeal had expired, defendant had sent his motion papers to proceed *in forma pauperis* to the Appellate Division. Since new facts are raised in the petition, the prior denial of *coram nobis* does not bar this new application. (See *People* v. *Corso*, 17 A D 2d 939.) And, indeed, the new facts brought to the court's attention are quite significant for they lend some credence to the claim of the defendant that he had requested his attorney to file a notice of appeal and that he had relied on his counsel to honor that request. If upon a hearing the defendant establishes the facts alleged, it is my opinion that *coram nobis* relief should be granted and defendant should be remanded for reimposition of sentence. In effect, his allegations amount to a claim that because of his indigency, and consequent inability to retain private counsel, he requested and relied upon his court assigned counsel to file a notice of appeal. Where similar allegations have been made the courts have granted *coram nobis*. In *People* v. *Taylor* (25 A D 2d 439) the defendant claimed that he was deprived of his right to appeal by the fact of his indigence, alleging that counsel advised him that he could appeal if he had $1,000. A hearing was ordered. In *People* v. *Majewski* (26 A D 2d 907), a hearing was ordered where the allegations were that the failure to file a notice of appeal was due to the delinquency of the assigned counsel and the actions of the officials of the Attica Prison. Similarly, in *People* v. *Stewart* (26 A D 2d 842) the allegations were that assigned counsel failed to serve and file

a notice of appeal after promising to do so, and upon which the defendant relied. In that case the District Attorney conceded that the failure of assigned trial counsel to fulfill a promise to serve and file a notice of appeal provides a basis for *coram nobis*. A hearing was ordered by the court. While, here, there is no allegation that counsel promised to take an appeal, still the claim that the counsel did not respond to defendant's request by letter to file a notice of appeal could justify defendant's reliance upon his counsel to do so. Indeed, in the circumstances, the attorney's failure to respond could raise an implied promise by him to do the act requested by his client. The allegations in this petition bring the defendant within the scope and intent of the above cited cases and he should be granted a hearing on the issues raised in the petition.